J-S20026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRENDON HASARA :
:
Appellant : No. 1156 MDA 2023

Appeal from the PCRA Order Entered August 16, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001397-2021

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JULY 03, 2024**

Brendon Hasara appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. Because Hasara's appellate brief is woefully defective, we dismiss his appeal.

The pertinent facts and procedural history are as follows: Hasara was charged with several offenses after he was involved in a scuffle with police. On February 2, 2022, a jury convicted Hasara of two counts of resisting arrest and one count of disorderly conduct. He was acquitted of one count of disarming a police officer and one count of simple assault. On March 15, 2022, the trial court sentenced him to an aggregate term of 6 to 23 months of

---

[*] Former Justice specially assigned to the Superior Court.

incarceration in the county jail.[1] Hasara was given credit of 213 days. Although he was immediately paroled, he remained under a detainer for charges pending at a different docket. *See Commonwealth v. Hasara*, 305 A.3d 963 (Pa. Super. 2023) (non-precedential decision). Hasara did not file a direct appeal.

On January 13, 2023, Hasara filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On April 21, 2023, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The Commonwealth filed an answer. On July 19, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Hasara's petition. Hasara did not file a response.[2] By order entered August 16, 2023, the PCRA court denied Hasara's petition and permitted PCRA counsel to withdraw. This appeal followed.[3]

---

[1] Although not clear from the record, Hasara may no longer be eligible for post-conviction relief for these convictions because his maximum 23-month sentence has expired. *See generally*, *Commonwealth v. Plunkett*, 151 A.3d 1108 (Pa. Super. 2016).

[2] Instead, Hasara filed a premature appeal, which we treat as if it had been timely filed after the PCRA court's final order denying post-conviction relief. Pa.R.A.P. 905(a)(5).

[3] Hasara has also filed a handwritten "Motion for new attorney from a different county." In his three-sentence motion, Hasara asks this Court to appoint him counsel from outside Schuylkill County because he has "gotten no cooperation from Schuylkill County Courts." Because PCRA counsel was permitted to
*(Footnote Continued Next Page)*

We first address the deficiencies in Hasara's brief. When appearing before Pennsylvania's appellate courts, the appealing party must adequately brief his claims of error by the court below. This allows us to perform meaningful appellate review of the appellant's specific issues. Under the Pennsylvania Rules of Appellate Procedure, an appellant's brief must consist of the following sections, separately and distinctly headed:

(1)    Statement of jurisdiction.

(2)    Order or other determination in question.

(3)    Statement of both the scope of review and the standard of review.

(4)    Statement of the questions involved.

(5)    Statement of the case.

(6)    Summary of argument.

(7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

Pennsylvania Rule of Appellate Procedure 2111(a).

Here, Hasara's "brief" contains none of the foregoing sections and raises no specific claim of error. Rather, his filing consists of multiple numbered

---

withdraw after the filing of a "no-merit" letter, Hasara is not entitled to appointed counsel. *See **Commonwealth v. Shaw***, 217 A.3d 265, 268 n.3 (Pa. Super. 2019). We therefore deny his motion.

paragraphs that cite portions of the trial transcript with commentary, and then presents a series of questions apparently addressed to his trial counsel.

As this Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **Commonwealth v. Maris**, [629 A.2d 1014, 1017 n.1 (Pa. Super. 1993)]. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Id.** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.**, Pa.R.A.P. 2101.

**Commonwealth v. Freeland**, 106 A.3d 768, 776-77 (Pa. Super. 2014) (citations omitted).

In sum, because Hasara's procedural missteps and defective brief prevent us from conducting a meaningful review, we dismiss his appeal.

Motion for New Attorney denied. Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/03/2024